**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4599**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ANTHONY WYNN, a/k/a Twin,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:02-cr-00178-RAJ-7)

Argued: March 25, 2015           Decided: May 20, 2015

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by published opinion. Judge Keenan wrote the opinion, in which Judge Shedd and Judge Duncan joined.

**ARGUED:** Caroline Swift Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. V. Kathleen Dougherty, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Richard J. Colgan, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Darryl J. Mitchell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, we consider whether the district court erred in determining, based on the defendant's status as a recidivist drug offender, that certain drug offenses committed during his supervised release were Grade B violations under the United States Sentencing Commission's advisory policy statements for violations of probation and supervised release (the "policy statements").[1] The defendant argues that his drug offenses while on supervised release constituted lesser Grade C violations, and that the district court improperly applied a statutory enhancement for recidivist conduct in reaching a contrary conclusion.

We hold that the district court did not err in considering the defendant's prior offenses when determining the grade of his supervised release violations under the policy statements. Accordingly, we affirm the district court's judgment.

---

[1] As we have previously explained, "[r]ather than issue guidelines to govern sentences for [violations of supervised release and probation], the United States Sentencing Commission chose instead 'to promulgate policy statements only' to give courts 'greater flexibility' in devising revocation sentences." United States v. Crudup, 461 F.3d 433, 435 (4th Cir. 2006) (quoting U.S.S.G. Ch.7, pt.A, introductory cmts. 1, 3(a)).

In 2003, Anthony Wynn was convicted of conspiracy to distribute and possession with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court sentenced Wynn to a 150-month term of imprisonment, followed by a five-year period of supervised release. Among other things, the conditions of Wynn's supervised release required that Wynn refrain from unlawful use of controlled substances and submit to drug testing as directed by his probation officer.

In May 2014, after Wynn began serving his period of supervised release, his probation officer filed a petition alleging that Wynn had violated the conditions of his supervision. The amended petition contained numerous alleged violations, including that Wynn had possessed marijuana on six separate occasions between February 2014 and June 2014.[2]

During a supervised release revocation hearing in the district court, Wynn admitted that he possessed marijuana on the several occasions alleged by the probation officer. Based on

---

[2] The petition and its addenda also included allegations that Wynn drove a vehicle without a license, operated an uninsured vehicle, and operated a vehicle with tinted windows. The probation officer further alleged in the petition that Wynn failed to submit monthly supervision reports, failed to participate satisfactorily in substance abuse treatment, and failed to provide timely notification to the probation officer of an arrest.

Wynn's admissions and the probation officer's testimony, the district court found that Wynn had violated the terms of his supervision and, accordingly, revoked Wynn's supervised release.

The probation officer calculated a term of imprisonment under the advisory policy statements of between twenty-one and twenty-seven months. This calculation was based on the probation officer's conclusion that, due to Wynn's prior drug convictions, his marijuana offenses were Grade B violations because each offense was punishable by imprisonment of more than one year under a recidivist enhancement.[3] In the Presentence Investigation Report (PSR), the probation officer noted that in addition to the 2003 federal drug convictions for which Wynn was sentenced in part to the five-year period of supervised release, Wynn also had been convicted in various state courts of several drug offenses, including possession of heroin and possession with intent to distribute heroin in 2002, possession of marijuana in 2000, possession of heroin in 1999, and possession of cocaine and marijuana in 1994.

---

[3] The district court also found that Wynn had committed the other alleged violations of the conditions of his supervision. Under the policy statements, however, where there are multiple violations of the conditions of supervision, "the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b). In this case, it is undisputed that the Grade B violations involving possession of marijuana carried the most serious grade.

4

Wynn disputed the probation officer's conclusion that the marijuana offenses during his supervised release were Grade B violations.  He argued that the six incidents of possessing marijuana were Grade C violations, because the "basic penalty" under federal law for simple possession of marijuana does not exceed a one-year term of imprisonment.  Wynn asserted that in determining the grade of his violations at a revocation hearing, the district court was prohibited by the policy statements from considering his prior convictions, which only were relevant to determining his term of imprisonment at his original sentencing hearing.  Wynn argued that absent any consideration of his prior record, his violations were merely Grade C violations, which would yield an advisory penalty range under the policy statements of between eight and fourteen months' imprisonment.

The district court rejected Wynn's argument, holding that his recidivism directly affected the grade of his supervised release violations, and that, therefore, his acts of possession of marijuana constituted Grade B offenses.  The court accordingly adopted the probation officer's recommended penalty range and sentenced Wynn to serve a term of twenty-four months' imprisonment.  Wynn timely filed the present appeal.

II.

Our review on appeal initially is confined to the question whether the revocation sentence is unreasonable; if the sentence is not unreasonable, the sentence will be affirmed.[4]  United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006).  However, if we conclude that the revocation sentence is unreasonable either procedurally or substantively, we further must consider whether the sentence is plainly unreasonable.  Id.

In the present case, Wynn challenges only the district court's procedural calculation of the advisory sentencing range.  Because the district court's factual findings are not in dispute, the sole question before us is whether the court properly applied a statutory enhancement in calculating the applicable policy statements range, a question of law that we review de novo.  United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014).  Thus, we turn to consider whether the district court correctly determined that Wynn's conduct of possessing marijuana constituted Grade B, rather than Grade C, violations under the policy statements.

---

[4] Our review of supervised release revocation sentences "follow[s] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

6

Chapter 7 of the Guidelines contains three grades of supervised release violations, only two of which are at issue in this case. See U.S.S.G. § 7B1.1(a). In general, a defendant's conduct presents a Grade B violation if it is conduct constituting a "federal, state, or local offense punishable by a term of imprisonment exceeding one year."[5] Id. § 7B1.1(a)(2). In contrast, a Grade C violation is defined as conduct constituting: (1) "a federal, state, or local offense punishable by a term of imprisonment of one year or less;" or (2) "a violation of any other condition of supervision." Id. § 7B1.1(a)(3).

Under federal law, although possession of a controlled substance by a non-recidivist defendant subjects that defendant to a term of imprisonment of not more than one year, a recidivist defendant is subject to a greater term of

---

[5] However, such conduct rises to the level of a Grade A violation if it constitutes

> (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years.

U.S.S.G. § 7B1.1(a)(1).

imprisonment.  21 U.S.C. § 844(a).  Section 844(a) provides, in relevant part, that a defendant

> may be sentenced to a term of imprisonment of not more than 1 year, . . . , except that if he commits such offense after . . . two or more prior convictions under this subchapter or subchapter II of this chapter, or two or more prior convictions for any drug, narcotic, or chemical offense chargeable under the law of any State, or a combination of two or more such offenses have become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, . . . .

Id.

Wynn contends that under the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), the district court was prohibited from finding that the drug offenses that he committed during supervised release were "punishable" under an enhanced statutory penalty.  According to Wynn, the government's failure to file a notice under 21 U.S.C. § 851(a)(1), signifying an intent to rely on Wynn's prior convictions at his revocation sentencing, precluded any consideration of those convictions in computing his advisory sentencing range.

We find no merit in this argument.  Section 851(a)(1) states, in relevant part, that

> [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

8

21 U.S.C. § 851(a)(1).  By its plain terms, this statute applies only to the sentencing of criminal defendants who have been convicted of a crime following the "entry of a plea of guilty" or a "trial."  Id.  The statute does not contain any reference to supervised release revocation proceedings.

As the Supreme Court observed in Carachuri-Rosendo, Section 851 requires that during a criminal prosecution the government "charge a defendant as a recidivist in the criminal information" before seeking a recidivist enhancement.  560 U.S. at 578.  The Court accordingly held that the availability of an enhanced sentence at the time of a prior conviction may not be considered as part of a person's criminal history in an immigration proceeding, when the government had not sought under Section 851 to pursue the enhancement at the original sentencing for the criminal offense.  Id. at 578-80.  Thus, the import of the Court's holding was that the government was not permitted to treat a criminal offense in an immigration proceeding as being more serious than the offense was treated at the time of the actual criminal prosecution.

Contrary to Wynn's position, nothing in the decision in Carachuri-Rosendo suggests that Section 851 plays any role in a supervised release revocation hearing, or prevents a district court from considering the fact of a defendant's prior convictions during such a proceeding.  Indeed, the very purpose

9

of a supervised release revocation hearing is to determine the gravity of the breach of trust committed by the defendant in the context of the "conditional liberty" he was granted following his conviction of the underlying offenses. See United States v. Ward, 770 F.3d 1090, 1098 (4th Cir. 2014); Crudup, 461 F.3d at 437-38. Thus, a determination of the gravity of a defendant's breach of trust, as reflected by the sentencing mandate of Section 844(a), necessarily requires consideration of the defendant's criminal history unencumbered by a notice requirement applicable to an original criminal prosecution.

Wynn next argues, however, that the district court was constrained to consider only the "basic" penalty imposed by the statute for simple possession of marijuana, rather than the penalty imposed by the statute for such acts committed by a recidivist defendant. In support of his position, Wynn relies on Application Note 1 to U.S.S.G. § 7B1.1, which states that

> [u]nder 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the defendant not commit another federal, state, or local crime. A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct.

10

U.S.S.G. § 7B1.1 cmt. n. 1. Wynn focuses exclusively on the final two sentences of the commentary, asserting that "actual conduct" describes only conduct committed on supervised release completely divorced from the defendant's earlier conduct. Id. We disagree with Wynn's argument.

Viewed in context, the commentary that Wynn cites fails to support his position. Application Note 1 instructs that in grading a violation of supervised release, a district court may consider not only conduct for which a defendant is prosecuted in a criminal case, but all of a defendant's conduct, "whether or not the defendant has been the subject of . . . prosecution for such conduct." Id.; see United States v. Trotter, 270 F.3d 1150, 1155 (7th Cir. 2001) ("Application Note 1 tells the district judge to consider what the person on supervised release did, rather than what crimes he has been charged with." (emphases in original)). Rather than limiting a district court's ability to consider a defendant's conduct, Application Note 1 suggests that district courts consider all conduct that affects the maximum penalties for a supervised release violation. See Trotter, 270 F.3d at 1155 ("A judge engaged in real-offense sentencing does not ignore prior offenses that affect the maximum punishment; recidivist enhancements are part of real-offense sentencing.").

11

Accordingly, we hold that the district court did not err in concluding that Wynn's prior drug convictions increased the extent to which his marijuana offenses during supervised release were "punishable" under Section 844(a). Thus, the district court correctly determined that Wynn's multiple acts of possessing marijuana during his supervised release constituted Grade B violations under the Guidelines' Chapter 7 advisory policy statements.

III.

For these reasons, Wynn's revocation sentence is not unreasonable, and we affirm the district court's judgment.

AFFIRMED

12