**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 16-4091**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EDWIN DONTA SMITH,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:15-cr-00299-TDS-1)

―――――――――

Submitted: August 11, 2016      Decided: September 8, 2016

―――――――――

Before GREGORY, Chief Judge, and SHEDD and DIAZ, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Lewis C. Allen, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. John Mcrae Alsup, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwin Donta Smith appeals from the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Smith's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether Smith's sentence is plainly unreasonable. Smith has filed a pro se supplemental brief in which he questions whether the district court erred in calculating his advisory policy statement range. The Government declined to file a brief. We affirm.

This court "will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (quoting United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006)), cert. denied, 136 S. Ct. 494 (2015). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). In making such a determination, "we strike a more deferential appellate posture than we do when reviewing original sentences." Padgett, 788 F.3d at 373 (internal quotation marks omitted). "Nonetheless, the same procedural and substantive considerations that guide our review of original

2

sentences inform our review of revocation sentences as well." Id. (internal quotation marks and alteration omitted).

A supervised release revocation sentence is procedurally reasonable if the district court has considered the Sentencing Guidelines' Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case, see 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439-40, and has adequately explained the sentence chosen, although it need not explain the sentence in as much detail as when imposing an original sentence. Thompson, 595 F.3d at 547. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we find a sentence unreasonable must we decide whether it is "plainly" so. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.; Crudup, 461 F.3d at 439.

Smith's 24-month prison sentence does not exceed the applicable statutory maximum. See 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(e)(3) (2012). The district court properly calculated Smith's advisory policy statement range at 21 to 24 months' imprisonment based on the applicable statutory maximum,

3

Smith's Category VI criminal history, and his Grade B violation of supervised release resulting from his possession of marijuana on multiple occasions while on release. See United States v. Wynn, 786 F.3d 339, 341-44 (4th Cir.), cert. denied, 136 S. Ct. 276 (2015); U.S. Sentencing Guidelines Manual §§ 7B1.1(a)(2), (b), 7B1.4(a), (b)(3)(A), p.s. (2015). The court also considered that range as advisory and considered argument from counsel and allocution from Smith. In rejecting Smith's request for GPS monitoring and home detention, the district court considered the nature and circumstances of Smith's violative behavior, his history and characteristics, the need for the revocation sentence to protect the public, and the need to sanction Smith's breach of trust, see 18 U.S.C. § 3353(a)(1), (2)(C); USSG ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."), and explained that these factors supported the imposition of a sentence at the top of the policy statement range.

We conclude that the district court adequately explained its rationale for imposing the 24-month prison sentence and relied on proper considerations in doing so. Based on the broad discretion that a district court has to revoke a term of supervised release and impose a prison term up to and including the statutory maximum, Smith's revocation sentence is not

unreasonable.  Therefore, we conclude that his sentence is not plainly unreasonable.

In accordance with Anders, we also have reviewed the remainder of the record and Smith's pro se supplemental brief and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review.  If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED