**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4335**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JONATHAN C. LONG,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Chief District Judge. (4:10-cr-00067-RBS-TEM-1)

———————

Submitted: December 15, 2016    Decided: December 20, 2016

———————

Before WILKINSON and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Suzanne V. Katchmar, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Amy Elizabeth Cross, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan C. Long appeals the district court's order revoking supervised release and imposing 18 months' imprisonment and 42 months' supervised release. Long's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the reasonableness of the sentence and whether the district court erred by determining that Long had a Grade B violation. Long filed a pro se supplemental brief claiming that the sentence was unreasonable. The Government did not file a brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006). We first consider whether the sentence imposed is procedurally and substantively unreasonable, applying the same general considerations employed in our review of original criminal sentences. Id. at 438. Only if we find the sentence unreasonable will we consider whether it is "plainly" so. Id. at 439.

2

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. Crudup, 461 F.3d at 438-39; see also 18 U.S.C. § 3583(e) (2012).

The district court must also provide a statement of reasons for the sentence imposed. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

We find no error with the district court's determination that Long had at least one Grade B violation. See United States v. Wynn, 786 F.3d 339, 343 (4th Cir.), cert. denied, 136 S. Ct. 276 (2015). We further conclude that the sentence was both procedurally and substantively reasonable.

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's order. This court requires that counsel inform Long, in writing, of the right to petition the Supreme Court of the United States for further review. If Long requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Long. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4