**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4686**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DANIEL YOUNG,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Margaret B. Seymour, Senior District Judge. (5:07-cr-00775-MBS-1)

Submitted: May 26, 2017                                  Decided: July 12, 2017

Before NIEMEYER, DUNCAN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Beth Drake, United States Attorney, Jimmie Ewing, Jane Barrett Taylor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Daniel Young appeals his 24-month sentence for violating the terms of his supervised release based on a South Carolina conviction for first-degree domestic violence and two failed drug tests. We find no error with the district court's conclusion that the state statute qualifies as a crime of violence in this context, thus triggering a higher advisory sentencing range. However, because the district court did not articulate any reason for the sentence it imposed, we are compelled to vacate and remand for resentencing.[1]

## I.

While on supervised release for illegally possessing a firearm, Defendant tested positive for drugs twice and pleaded guilty to first-degree domestic violence under South Carolina law. S.C. Code Ann. § 16-25-20 (2015). The domestic violence conviction resulted from Defendant's guilty plea that he had hit a woman with whom he was living on her right side, fracturing, or least bruising, her ribs. Over Defendant's objection, the district court concluded that Defendant's state conviction qualified as a "crime of violence" and was therefore a Grade A supervised release violation. Combined with Defendant's criminal history category of IV, the Grade A violation produced a sentencing range of 24 to 30 months' imprisonment, which is capped at 24 months' imprisonment by statute.

---

[1] We express no view as to the appropriateness of the sentence itself.

Defendant argued for a sentence of time served while in state custody for his domestic violence conviction, and the government recommended 24 months' imprisonment. Throughout the parties' statements, the district court largely refrained from comment, instead asking the parties whether they had anything else to add. After hearing from the parties, the district court concluded:

> Mr. Young, I have listened to the arguments of counsel and reviewed the record, and it is my determination that the previously imposed term of supervised release is hereby revoked; and pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Daniel Young, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a period of 24 months.

J.A. 40. Defendant timely appealed.

## II.

We will affirm a revocation sentence unless it falls outside the applicable statutory maximum or is otherwise plainly unreasonable. *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Although our review accords substantial deference, we cannot affirm a sentence that lacks adequate reasoning. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007). We find significant procedural error if the sentencing court miscalculates the sentencing range, fails to consider the applicable § 3553(a) factors, or inadequately explains the reasons for its sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). A revocation sentence is plainly unreasonable if the court fails to provide some reasoned basis, however minimal, for appellate review. *Thompson*, 595 F.3d at 547, 548. Furthermore, "whether a defendant's offense of conviction constitutes a crime of violence under § 4B1.2(a) of the [Sentencing] Guidelines is a legal

issue that we review de novo." *United States v. Mobley*, 687 F.3d 625, 627 (4th Cir. 2012).

III.

A.

Defendant first argues that the district court committed significant procedural error by misclassifying his criminal domestic violence conviction as a crime of violence, and thus overstating the severity of his violation of supervised release. We disagree.

Grade A applies to violations of supervised release arising from crimes of violence. U.S. Sentencing Guidelines Manual § 7B1.1(a), p.s. As relevant here, "crime of violence" means an offense punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a); *see also id.* § 7B1.1, p.s., n.2 (cross-referencing § 4B1.2(a)).[2] This, in turn, can encompass a range of conduct pertaining to bodily injury. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (defining physical force, in the context of the Armed Career Criminal Act, to mean "violent force—that is, force capable of causing physical pain or injury to another person" (citation omitted)); *United States v. Castleman*, 134 S. Ct. 1405, 1410 (2014) (importing the common-law

---

[2] Because domestic violence does not appear in the enumerated clause, that clause does not apply here, and the dispute turns on the so-called force clause.

4

definition of force, which includes "offensive touching," into 18 U.S.C. § 921(a)(33)(A)'s definition of "misdemeanor crime of domestic violence").

We have applied the categorical approach to determine whether an offense constitutes a crime of violence under the Sentencing Guidelines. *See United States v. Montes-Flores*, 736 F.3d 357, 364 (4th Cir. 2013); *see also United States v. McMillian*, 652 F. App'x 186, 192–94 (4th Cir. 2016) (per curiam) (unpublished) (applying the categorical approach in the revocation context). That "approach focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction." *United States v. Cabrerar-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013). We have held in an unpublished opinion, on which the district court relied, that South Carolina's offense of criminal domestic violence categorically qualifies as a crime of violence under the force clause. *United States v. Chisholm*, 579 F. App'x 187, 195–96 (4th Cir. 2014) (unpublished). We find *Chisholm*'s interpretation persuasive. And we reject Defendant's challenges to *Chisholm*'s reasoning because the state cases he has cited do not show that minimal touching suffices for criminal domestic violence and the amendments to the domestic violence statute did not change the language that we interpreted as requiring violent force.

Even if we considered Defendant's actual conduct, as U.S.S.G. § 7B1.1, p.s., n.1 suggests, we would still conclude that Defendant's conviction qualifies as a crime of violence because he used violent force when he hit a person with enough force to fracture, or at least bruise, her ribs. The district court did not err when it designated

Defendant's state conviction as a Grade A violation when calculating his policy statement range.

B.

Defendant next argues that the district court erred procedurally in failing to adequately explain its sentence. We are compelled to agree.

For revocation sentences, a district court need not provide the level of detail or specificity required for post-conviction sentences, but it must provide a statement of reasons that permits this court to "effectively review the reasonableness of the sentence" and to confirm "that the sentencing court considered the § 3553(a) factors with regard to the particular defendant" being sentenced. *Moulden*, 478 F.3d at 657. Under the deferential standard applied when reviewing revocation sentences, "[w]e may be hard-pressed to find any explanation for within-range, revocation sentences insufficient." *Thompson*, 595 F.3d at 547. Still, "a district court may not simply impose sentence without giving *any* indication of its reasons for doing so." *Id.*

Here, the district court merely identified the statutory maximum sentence and imposed it. The district court did not mention § 3553(a), any of the § 3553(a) factors, or any of Defendant's arguments for a lower sentence. Nor did the district court ask Defendant or his counsel any questions that would shed light on the court's reasoning. Under these circumstances, our ability to conduct meaningful appellate review is severely undermined.

IV.

For the foregoing reasons, we vacate and remand for resentencing. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*