**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4347**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODDELL CHAPELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:09-cr-00365-HEH-1)

Submitted:  December 18, 2017                          Decided:  January 25, 2018

Before DUNCAN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Mary E. Maguire, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Alexandria, Virginia, Angela Mastandrea-Miller, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roddell Chapell appeals the district court's judgment revoking his supervised release and sentencing him to 36 months of imprisonment. On appeal, Chapell argues this sentence is unreasonable because the district court relied on an erroneous theory of supervised release and failed to adequately explain the sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "Accordingly, when this Court examines a revocation sentence, we take[ ] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). Specifically, "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Webb*, 738 F.3d at 640 (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)).

In considering whether a revocation sentence is plainly unreasonable, we must first decide whether the revocation sentence is procedurally or substantively unreasonable. *See Webb*, 738 F.3d at 640. To make this decision, "we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Crudup*, 461 F.3d at 438–39. A revocation sentence is procedurally reasonable if after considering the Sentencing Guidelines' Chapter 7 advisory policy statements and the applicable § 3553(a) factors, the district court adequately explains the

2

revocation sentence. *See Slappy*, 872 F.3d at 207; *see also* 18 U.S.C. § 3583(e) (delineating the applicable § 3553(a) factors); *United States v. Thompson*, 595 F.3d 544, 546–47 (4th Cir. 2010) (stating that a district court must consider the non-binding, policy statements in Chapter 7 of the Sentencing Guidelines Manual). Further, "a revocation sentence is substantively reasonable if the court 'sufficiently state[s] a proper basis for its conclusion that' the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (quoting *Crudup*, 461 F.3d at 440).

"Only if we find the sentence unreasonable must we decide whether it is plainly so." *Webb*, 738 F.3d at 640. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. *See Crudup*, 461 F.3d at 439. "If a revocation sentence [--] even an unreasonable one [--] is not 'plainly unreasonable,' we will affirm it." *Slappy*, 872 F.3d at 208.

Although the district court did not address every § 3553(a) factor on the record at sentencing, it adequately explained its reasoning for the revocation sentence—specifically, that it was sanctioning the serious breach of trust evinced by Chapell's continuing pattern of violations. *See United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009) ("[T]he district court need not robotically tick through § 3553(a)'s every subsection." (internal quotation marks omitted)). Chapell contends it was improper for the court to focus on the breach of trust in imposing a sentence above the advisory policy statement range. But the Sentencing Guidelines instruct that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines

3

Manual ch. 7, pt. A cmt. 3(b); *see United States v. Wynn*, 786 F.3d 339, 343 (4th Cir. 2015) ("Indeed, the very purpose of a supervised release revocation hearing is to determine the gravity of the breach of trust committed by the defendant in the context of the conditional liberty he was granted following his conviction of the underlying offenses." (internal quotation marks omitted)). Chapell's revocation sentence is thus procedurally reasonable.

The district court also stated a sufficient basis for the sentence. The court made clear that it considered the violations before it as a continuation of the course of conduct serving as the basis for the first revocation. Moreover, at the first revocation hearing, the court imposed a sentence below the advisory policy statement range but warned Chapell that he would face a more severe sentence if he violated his supervised release again. Accordingly, the sentence is substantively reasonable. Because we conclude that the revocation sentence is not unreasonable, we need not reach the question of whether it is *plainly* unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*