**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4451**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RASHAUN SCOTT, a/k/a Shaun,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:05-cr-00651-MBS-3)

_____

Submitted: January 30, 2018              Decided: February 1, 2018

_____

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant. John C. Potterfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashaun Scott appeals from the revocation of his supervised release and the resulting 24-month sentence. Scott's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues, but noting that Scott objected below to the classification of four of his supervised release violations, all for possession and use of marijuana, as Grade B violations. The Government declined to file a brief, and Scott did not file a pro se supplemental brief. Finding no error, we affirm.

At the revocation hearing, Scott admitted the use/possession violations alleged in the petition, but argued that the violations should be classified as Grade C violations instead of Grade B violations. However, given Scott's prior conviction for distribution of cocaine, his possession and use of marijuana would carry a sentence of up to two years, if prosecuted under 21 U.S.C. § 844(a) (2012). Thus, the violations were properly considered to be Grade B violations. *See United States v. Wynn*, 786 F.3d 339, 342-44 (4th Cir. 2015); U.S. Sentencing Guidelines Manual § 7B1.1(a), p.s. (2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation of Scott's supervised release and his sentence. This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on

2

Scott. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*