**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4610

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE DEVEL PERSON, a/k/a Reese,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:07-cr-00030-FL-1)

Submitted:  May 15, 2018                                   Decided:  May 29, 2018

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Terry F. Rose, Smithfield, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Devel Person appeals the district court's judgment revoking his supervised release and imposing a sentence of 55 months in prison. Based on the evidence presented at his revocation hearing, the district court found that he violated his supervised release conditions by possessing more than 20 pounds of marijuana with intent to distribute, and his conduct was a Grade A violation under U.S. Sentencing Guidelines Manual § 7B1.1(a)(1)(A)(ii) (2016). On appeal, Person contends that the district court erred in finding that he violated his supervised release conditions, and alternatively, that his actual conduct only constituted a Grade C violation. We affirm.

We review a district court's decision to revoke a defendant's supervised release for abuse of discretion. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation omitted). We review a district court's factual findings underlying a revocation for clear error. *Id.* (citations omitted). "Under the clear error standard, we will only reverse if 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (citation omitted). To revoke supervised release, a district court need only find a violation of a supervised release condition by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3) (2012). "This standard requires only that 'the existence of a fact' be 'more probable than its nonexistence.'" *Padgett*, 788 F.3d at 374 (citation omitted).

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" *Id.* at 373 (citation omitted). In determining whether a revocation sentence is unreasonable, we are informed

2

by the same procedural and substantive considerations that guide our review of original sentences, but we strike a more deferential appellate posture. *Id.* (citations omitted). The district court retains broad discretion to impose a term of imprisonment up to the statutory maximum. *Id.* (citations omitted). In exercising such discretion, the district court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). We presume that a sentence within the policy statement range is reasonable. *Id.* at 642.

Grade A violations include conduct that constitutes a federal, state, or local offense punishable by a term of imprisonment exceeding one year that is a controlled substance offense. USSG § 7B1.1(a)(1)(A)(ii). A controlled substance offense includes a felony offense under federal or state law that prohibits the possession of a controlled substance with intent to distribute. USSG §§ 4B1.2(b), 7B1.1 cmt. n.3. The grade of a supervised release violation does not depend on any criminal charges or whether the defendant is convicted but rather is based on the defendant's actual conduct. USSG § 7B1.1 cmt. n.1; *see United States v. Wynn*, 786 F.3d 339, 343-44 (4th Cir. 2015).

We have reviewed the record and conclude that the district court did not err in finding, by a preponderance of the evidence, that Person violated his supervised release conditions, or in finding that his actual conduct constituted a Grade A violation.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*