**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4341**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALLEN DAVID HOLLAND,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  J. Michelle Childs, District Judge.  (8:12-cr-00481-JMC-1)

Argued:  May 10, 2018                                    Decided:  June 14, 2018

Before NIEMEYER, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Jonathan McKey Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Everett Eugene McMillian, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.  **ON BRIEF:**  Beth Drake, United States Attorney, Columbia, South Carolina, Alan Lance Crick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, Allen David Holland challenges the district court's imposition of his revocation sentence. Applying a plain error standard of review, we conclude that: (1) the district court did not plainly err in determining that criminal domestic violence under South Carolina law qualifies as a "crime of violence" under U.S. Sentencing Guideline (U.S.S.G.) § 4B1.2(a); and (2) the district court adequately explained its reasons for imposing a 51-month sentence. We therefore affirm the district court's judgment.

I.

In 2013, Holland pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846, and was sentenced to serve a term of 80 months' imprisonment followed by 10 years of supervised release.[1] While on supervised release, Holland failed a drug screening test. Five days later, Holland was arrested for second-degree criminal domestic violence in violation of South Carolina Code § 16-25-20(A), (C), after he drove his vehicle into a car driven by his pregnant girlfriend. Based on these two offenses, the probation officer filed a motion to revoke Holland's supervised release. Holland was arrested and, after an initial hearing, was released on bond.

About one month later, Holland was arrested for a third-degree offense of criminal domestic violence under South Carolina Code § 16-25-20(A), (D), after physically

---

[1] Pursuant to 18 U.S.C. § 3582(c)(2), the district court later reduced Holland's sentence to a term of 50 months' imprisonment.

assaulting his girlfriend. In the probation officer's violation report, he classified Holland's arrest for second-degree criminal domestic violence as a "Grade A" violation, and third-degree criminal domestic violence and use of illegal drugs as "Grade C" violations. In accordance with these classifications, the probation officer recommended a guidelines range of between 51 and 63 months in prison. After holding an evidentiary hearing, the district court concluded that Holland committed the violations as alleged, accepted the probation officer's recommendation, and imposed a sentence of 51 months' imprisonment followed by five years of supervised release. Holland now appeals.

## II.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017); *see United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). In reviewing a revocation sentence, we initially consider whether the sentence is procedurally and substantively reasonable.[2] *United States v. Wynn*, 786

---

[2] If we conclude that the revocation sentence is unreasonable, we further must consider whether the sentence is *plainly* unreasonable. *United States v. Wynn*, 786 F.3d 339, 341 (4th Cir. 2015) (citing *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006)). Our review of supervised release revocation sentences "follow[s] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Crudup*, 461 F.3d at 438-39 (citation omitted).

F.3d 339, 341 (4th Cir. 2015) (citing *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006)).

Holland's arguments focus exclusively on allegations of procedural error. *See United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010) (explaining that issues on appeal presented only claims of procedural reasonableness and therefore court did not address substantive reasonableness). He contends that the district court committed procedural error by failing to calculate properly his guidelines range, and by failing to explain adequately the sentence imposed. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (describing procedural reasonableness issues). Because Holland did not raise these arguments before the district court, and did not otherwise request a specific sentence that was rejected by the court, we review the issues presented for plain error. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (reviewing for plain error when defendant failed to object to court's explanation of his revocation sentence); *Lynn*, 592 F.3d at 577-79 (explaining that to preserve procedural error argument defendant must argue for sentence lower than the one imposed).

Under the plain error standard, Holland must establish that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Further, any error that occurred must "seriously [have] affect[ed] the fairness, integrity or public reputation of [the] judicial proceedings." *Id.* (internal quotation marks omitted). Mindful of these principles, we turn to consider each of Holland's arguments.

A.

Holland first argues that the district court erred in calculating his sentencing guidelines range. According to Holland, the South Carolina offense of criminal domestic violence does not qualify as a "Grade A" violation under U.S.S.G. § 7B1.1(a)(1), because the offense is not a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a). Holland contends that the district court erroneously considered Holland's actual conduct underlying the arrest for second-degree criminal domestic violence, rather than conducting a categorical analysis of the elements of that offense. Holland maintains that under the categorical approach, the offense of criminal domestic violence in any assigned degree does not qualify as a crime of violence. Holland therefore argues that the offense of criminal domestic violence qualifies only as a "Grade B" violation, which would have resulted in a lower guidelines range and sentence.

We disagree with Holland's position. Employing a categorical analysis, we hold that the court did not plainly err in concluding that the offense of criminal domestic violence qualifies as a "crime of violence."[3]

---

[3] Because we review this question for plain error, we need not address directly whether the district court properly considered Holland's actual conduct underlying his arrest for criminal domestic violence, under U.S.S.G. § 7B1.1 cmt. n.1, an issue on which our sister circuits are not in accord. *Compare United States v. Golden*, 843 F.3d 1162, 1166-67 (7th Cir. 2016) (rejecting use of categorical approach in analyzing supervised release violation sentences), *United States v. Carter*, 730 F.3d 187, 191-92 (3d Cir. 2013) (same), and *United States v. Cawley*, 48 F.3d 90, 93 (2d Cir. 1995) (considering actual conduct underlying crime), *with United States v. Willis*, 795 F.3d 986, 992 (9th Cir. 2015) (holding that the categorical approach should apply to determine whether a person's conduct during supervised release constitutes a Grade A violation).

A supervised release violation is classified as a "Grade A" violation if, among other factors not relevant here, the violation qualifies as the commission of "a crime of violence." U.S.S.G. § 7B1.1(a)(1) & cmt. n.2 (referring to U.S.S.G. § 4B1.2(a)). Under the categorical approach, to constitute a "crime of violence," the South Carolina offense of criminal domestic violence necessarily must have "as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause).[4] U.S.S.G. § 4B1.2(a)(1); *see United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016) (applying categorical approach with respect to force clause contained in 18 U.S.C. § 924(e)(2)(B)(i)).

In making this assessment, we review the elements of the offense and "the minimum conduct necessary for a violation" as defined by state law. *Gardner*, 823 F.3d at 803 (citation omitted). An individual commits the offense of criminal domestic violence under South Carolina law when he (1) causes, offers, or attempts to cause physical harm to a household member (2) with the apparent present ability to create a fear of imminent peril. *State v. Golston*, 732 S.E.2d 175, 178 (S.C. Ct. App. 2012) (citing S.C. Code § 16-25-20(A) (the criminal domestic violence statute)).

---

[4] To qualify as a "crime of violence" under U.S.S.G. § 4B1.2(a), the crime also must be punishable by imprisonment for a term exceeding one year. This condition is satisfied here, because second-degree criminal domestic violence is punishable by a term of imprisonment of up to three years. *See* S.C. Code § 16-25-20(C). We also observe that under U.S.S.G. § 4B1.2(a), a crime also could qualify as a "crime of violence" if it constituted one of the enumerated offenses listed in subsection (2). However, we need not address that subsection in this case.

We previously have held in an unpublished opinion that all means of committing the South Carolina offense of criminal domestic violence, namely, causing, offering, or attempting to cause physical harm to the victim, as described in the criminal domestic violence statute, necessarily fell within the force clause. *United States v. Chisolm*, 579 F. App'x 187, 194-96 (4th Cir. 2014) (unpublished) (addressing whether the offense of criminal domestic violence, as a lesser included offense of criminal domestic violence of a high and aggravated nature, qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(1)). Focusing on the least culpable means of committing the offense of criminal domestic violence of "offering" to cause harm, we explained that under South Carolina jurisprudence, an offer of harm coupled with the present ability to inflict fear of imminent peril, qualifies as a "threatened use of force" under the force clause of U.S.S.G. § 4B1.2(a)(1). *Id.* at 194-95.

We further explained that our conclusion was supported by several decisions in other circuits, namely, that an offer to cause harm, as described in the South Carolina criminal domestic violence statute, qualifies as a threat in the context of the force clause. *Id.* (collecting cases). Recently, in two other unpublished opinions, we reaffirmed our holding in *Chisolm* that the offense of criminal domestic violence qualifies as a "crime of violence." *United States v. Lewis*, 719 F. App'x 210, 219-20 (4th Cir. 2018) (unpublished) (addressing identical force clause under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i)); *United States v. Young*, 702 F. App'x 113, 115-16 (4th Cir. 2017) (unpublished) (addressing the force clause in U.S.S.G. § 4B1.2(a)).

7

Although our holdings in *Chisolm*, *Lewis*, and *Young* are not precedential, no other binding decision from the Supreme Court or this Circuit has addressed whether the South Carolina offense of criminal domestic violence qualifies as a crime of violence under U.S.S.G. § 4B1.2(a). Accordingly, the district court's conclusion that the South Carolina offense of criminal domestic violence qualifies as a crime of violence could not constitute error that is plain under the standard of review that we apply in this case. *See United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (explaining that error is "plain" or "obvious" when settled law establishes that an error has occurred).

We therefore conclude that the district court did not plainly err in categorizing Holland's arrest for second-degree criminal domestic violence as a "Grade A" violation that qualifies as a "crime of violence" under the guidelines. Thus, the district court did not commit procedural error in calculating Holland's sentencing guidelines range on this basis.

B.

Holland also argues that the district court committed procedural error in imposing his revocation sentence by failing to articulate adequately the reasons for selecting a 51-month sentence. We disagree.

In explaining its reasons for imposing a revocation sentence, a district court need not provide the same level of detail or specificity required for an initial post-conviction sentence. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007). Instead, the court need only provide a statement of reasons that permits this Court to "effectively review the reasonableness of the sentence." *Id.*; *see Slappy*, 872 F.3d at 210. In determining the

8

appropriate sentence, a sentencing court should consider the defendant's breach of trust, the seriousness of the underlying violation, and the defendant's criminal history, as well as the factors listed in 18 U.S.C. § 3553(a).[5] *See Slappy*, 872 F.3d at 207. Under the deferential standard of review applicable to revocation sentences, coupled with our review for plain error in this case, Holland bears a heavy burden to show that the district court's explanation for a within-range revocation sentence was insufficient. *Thompson*, 595 F.3d at 547.

Here, although the district court's comments in explaining the revocation sentence were not extremely detailed, the court's explanation was sufficient to reveal its basis for the particular sentence chosen. Before imposing the revocation sentence, the district court analyzed Holland's criminal history and explained that the severity of Holland's Category VI criminal history constituted the primary concern for the court. The court also emphasized that Holland's domestic violence offenses "jeopardized the safety of" his child and served as an example of Holland's pattern of violent conduct. Finally, the district court specifically referenced its consideration of relevant policy and statutory factors, observing that imposition of a 51-month sentence, which was at the low-end of the guidelines range, was "fair, equitable, [and] not greater than necessary to achieve the sentencing factors." Therefore, we hold that the district court adequately addressed its

---

[5] The policy statements regarding revocation sentences appear in the U.S. Sentencing Guidelines Manual § 7A(3)(b).

9

reasons for imposing Holland's revocation sentence, and did not commit procedural error in this regard.

## III.

For these reasons, we hold that Holland's revocation sentence is not unreasonable, and we affirm the district court's judgment.

*AFFIRMED*