**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4079**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TONI LYNN CREMEANS,

          Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:15-cr-00211-1)

Submitted: June 15, 2018                    Decided: July 6, 2018

Before MOTZ, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sebastian M. Joy, JOY LAW OFFICES, Catlettsburg, Kentucky, for Appellant. Joseph Franklin Adams, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toni Lynn Cremeans appeals the eight-month sentence imposed upon revocation of her supervised release. Cremeans' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no potentially meritorious issues for appeal but questioning whether the sentence imposed by the district court was plainly substantively unreasonable. Cremeans also has filed a pro se supplemental brief, raising a variety of challenges to the revocation judgment. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable."[1] *Id.* (internal quotation marks omitted). "We first must determine whether the sentence is procedurally or substantively unreasonable," evaluating the same general considerations employed in review of original sentences. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). Only if we find a sentence unreasonable must we determine whether it is "plainly" so. *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).

---

[1] Insofar as counsel questions whether revocation sentences, like original sentences, should be reviewed for reasonableness, that argument is foreclosed by binding precedent. *See United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006) (holding that "plainly unreasonable" standard applies to review of revocation sentences); *see also United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." (internal quotation marks omitted)).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Slappy*, 872 F.3d at 207 (footnote and internal quotation marks omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted). We presume that a sentence within the applicable policy statement range is substantively reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

Based on our review of the record, we conclude that Cremeans has failed to rebut the presumption of reasonableness accorded her sentence. The district court properly calculated Cremeans' policy statement range of 4 to 10 months' imprisonment, *see* U.S. Sentencing Guidelines Manual § 7B1.1(a)(2), p.s. (2016); *United States v. Wynn*, 786 F.3d 339, 342-43 (4th Cir. 2015), and sentenced her in the middle of that range. The court explained the basis for its sentence, grounding its calculus in the specific facts of Cremeans' case and the applicable § 3553(a) factors, including the nature and circumstances of the violations, Cremeans' history and characteristics, and the need to deter future criminal conduct. *See* 18 U.S.C. § 3583(e) (listing § 3553(a) factors applicable to revocation context). The court reasonably expressed dissatisfaction with Cremeans' failure to adhere to even basic requirements of her supervised release term, almost from its inception. *See Webb*, 738 F.3d at 641 (recognizing that revocation sentence "should sanction primarily the defendant's breach of trust"). The court also

3

aptly expressed concern for Cremeans' pattern of "spiraling" into more severe violations. In view of the totality of the circumstances, we conclude that the sentence imposed by the district court was reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal.[2] We therefore affirm the district court's judgment. This court requires that counsel inform Cremeans, in writing, of the right to petition the Supreme Court of the United States for further review. If Cremeans requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cremeans.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We have thoroughly reviewed the claims in Cremeans' pro se supplemental brief and conclude that they do not entitle her to relief.