**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4323**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COURTNEY ROSS, a/k/a Ace,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:02-cr-00347-HEH-1)

Submitted: October 31, 2018                    Decided: November 15, 2018

Before NIEMEYER and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Michael C. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Courtney Ross appeals his 36-month sentence imposed upon the revocation of his supervised release. Ross contends that his revocation sentence is unreasonable because, when explaining the sentence, the district court stated that Ross' breach of the court's trust was the most important consideration. We affirm.

District courts have "broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). As such, " [w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "We first must determine whether the sentence is procedurally or substantively unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). In doing so, we generally apply "the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (alterations and internal quotation marks omitted). Only when we conclude that the revocation sentence is procedurally or substantively unreasonable must we consider whether it is plainly so. *Id.* at 208.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* at 207 (footnote omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently state[s] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

2

Pursuant to 18 U.S.C. § 3583(e) (2012), the § 3553(a) factors relevant to revocation sentences are all those apart from "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). We have recognized, however, that "the factors listed in § 3553(a)(2)(A) are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641.

One factor the district court must consider is any applicable policy statement. 18 U.S.C. §§ 3553(a)(4)(B), 3583(e). The introduction to the Chapter Seven policy statement instructs that, when imposing a revocation sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s. "[T]he nature of the conduct leading to the revocation [is] considered in measuring the extent of the breach of trust." USSG ch. 7, pt. A(3)(b), p.s. We have also observed that "the very purpose of a supervised release revocation hearing is to determine the gravity of the breach of trust committed by the defendant." *United States v. Wynn*, 786 F.3d 339, 343 (4th Cir. 2015); *see United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007) (noting that breaches of trust are "the type of breaches that are explicitly contemplated as the reasons for imposing a revocation sentence").

Here, the district court explained that, when choosing an appropriate sentence, it considered the need for deterrence, the need to protect the community, the properly calculated policy statement range, and Ross' breach of the court's trust. Ross argues that

3

the district court should not have considered his breach of trust or treated it with such significance. We conclude, however, that in light of the clear instructions in the Chapter Seven policy statement and our precedent, the district court permissibly considered Ross' breach of the court's trust in fashioning his revocation sentence.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*