**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4662
_____

UNITED STATES OF AMERICA,

v.

TYRONE BERNARD BULLOCK,
                                        Appellant
_____

On Appeal From the United States District Court for the
Western District of Pennsylvania
(Case No. 2-06-cr-00328-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 26, 2014

Before: McKEE, *Chief Judge,* and FUENTES and GREENAWAY, JR., *Circuit Judges.*

(Filed: August 14, 2014)

_____

OPINION
_____

FUENTES, *Circuit Judge:*

The District Court sentenced Tyrone Bullock to 21 months' imprisonment for

violating the terms of his supervised release. Bullock now appeals, arguing that the

District Court erred by finding that he committed a Grade B, rather than a Grade C, violation of the terms of his supervised release. For the reasons that follow, we affirm.

**I. Background**

Tyrone Bullock pleaded guilty to one count of possession with intent to deliver one hundred grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i). He was sentenced to 168 months' incarceration and five years of supervised release. Bullock's supervised release conditions prohibited him from, among other things, unlawfully possessing a controlled substance and violating state and federal law.

After serving his sentence, Bullock began his term of supervised release. Within five months, Bullock tested positive twice for heroin. When confronted by his Probation Officer, Bullock admitted that he had used heroin on a weekly basis. After failing to complete several drug treatment programs, Bullock's conditions for supervised release were modified, by consent, to include participation in the Probation Office Intermediate Sanction Program. Bullock failed to attend several mandatory Program sessions. He also tested positive to heroin on four more occasions.

Thereafter, Bullock's Probation Officer filed a petition detailing the nature of Bullock's non-compliance, and alleging that Bullock had violated the terms of his supervised release by: (1) failing to "refrain from any unlawful possess[ion of] a controlled substance," (2) failing to "submit to urinalysis as directed by the probation officer and [] participate in a substance abuse treatment program as directed by the probation officer," and (3) failing to "complete the Probation Office Intermediate

2

Sanction Program." App'x 22. On Bullock's "Violation Work Sheet," the Probation

Officer indicated that Bullock's unlawful possession of a controlled substance could

either be a Grade B or C violation, and that the other two violations were Grade C.[1]

At his supervised release revocation hearing, Bullock conceded that he had

violated the terms of his supervised release. Bullock argued, however, that his use of

heroin constituted nothing more than a violation of his condition of supervised release

conditions, a "classic Grade C violation." App'x 33. The District Court disagreed.  It

found that "defendant's admission to habitually using heroin, along with his multiple

positive drug tests, constitute[ed] evidence of drug possession in violation of 21 U.S.C.,

Section 844(a)." App'x 41. Because the maximum sentence under § 844 for a defendant

with prior possessions exceeds one year, the District Court concluded that Bullock had

committed a Grade B violation. The District Court sentenced Bullock to 21 months, the

bottom of the guideline range for a Grade B. Bullock now appeals.[2]

## II. Analysis

### A.

---

[1] Section 7B1.1 of the sentencing guidelines outlines three grades of supervised release violations, ranging from Grade A, the most serious, to Grade C, the least serious. U.S.S.G. § 7B1.1(a).  Relevant here, Grade B is a violation consisting of "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year," while, a Grade C violation consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." *Id.*

[2] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review Bullock's sentence under 28 U.S.C. § 1291. We review for clear error the factual findings supporting a district court's revocation of supervised release, while any legal issues are subject to a de novo standard of review. *See, e.g.,* *United States v. Maloney,* 513 F.3d 350, 354 (3d Cir. 2008).

3

Bullock contends that he lacked sufficient written notice that he was facing a Grade B violation. He notes that his supervised release petition "only stated that [he] violated the conditions of his release," a Grade C violation, not that he possessed heroin in violation of federal law, a Grade B violation.[3] Appellant's Br. 8.

The Federal Rules of Criminal Procedure entitle a person subject to a revocation hearing to "written notice of the alleged violation." Fed. R. Crim. P. 32.1(b)(2)(A); *cf. Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (noting that revocation of supervised release "is not part of criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply"). "For notice to be effective" under Rule 32.1, "it need only assure that the defendant understands the nature of the alleged violation." *United States v. Sistrunk*, 612 F.3d 988, 992 (8th Cir. 2010).

In other words, a defendant's right to pre-hearing notice is satisfied where he has written notice of the conduct on which his revocation is based. *United States v. Gordon*, 961 F.2d 426, 429-30 (3d Cir. 1992). Thus, in *Gordon*, we held that a defendant had adequate notice where the district court relied on two positive drug tests discussed in the probation violation petition to determine that the defendant had possessed a controlled substance, despite that fact that "the probation violation petition did not formally charge her with use or possession of a controlled substance." *Id.* at 429. This was sufficient notice, we explained, because "[t]his court has stated that drug use indicated by urinalysis

---

[3] More precisely, possession of heroin is a Grade B violation only where it is punishable by a term of imprisonment of more than one year. As we explain in more detail below, however, heroin possession is punishable by a term of imprisonment of more than one year where, as here, the defendant is a repeat offender. *See* 21 U.S.C. § 844.

4

is [] circumstantial evidence of drug possession." *Id.* (citing *United States v. Blackston*, 940 F.2d 877, 886 (3d Cir. 1991)); *cf. Sistrunk*, 612 F.3d at 992 (finding factual allegations that defendant fraudulently obtained state identification cards and a credit card to be sufficient notice of the charge, despite the fact that the Government did not specify in advance which laws the defendant violated).

Like the defendant in *Gordon*, Bullock had adequate notice that he would be found to have possessed drugs. Bullock not only tested positive six times to heroin use, but he also admitted his habitual drug use to his Probation Officer. Under our case law, this is more than enough notice, for Bullock, and evidence, for the District Court, to find that Bullock possessed drugs, in violation of state and federal law. *See Gordon*, 961 F.2d at 429-30; *see also Blackston*, 940 F.2d at 891. The allegations in the petition, combined with our case law, put Bullock on notice that he faced the possibility of being sentenced as a Grade B violator.[4]

**B.**

Bullock next argues that even if he had notice that he possessed heroin in violation of state of federal law, the District Court nonetheless erred in finding that he committed a Grade B violation rather than a Grade C violation. This is so, he contends, because his conduct was not "punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(1).

___

[4] Moreover, although Bullock was not entitled to pre-hearing notice that his he would be found to have possessed drugs, he received actual written notice that through his Violation Work Sheet, which stated that his heroin use amounted to a Grade "B-C" violation. App'x 25. The Work Sheet gave Bullock more than adequate notice that he should prepare to be found to have possessed heroin in violation of state or federal law.

The District Court concluded that Bullock violated 21 U.S.C. § 844(a), which provides that simple possession of a controlled substance is punishable by "a term of imprisonment of not more than 1 year . . . except that if he commits such offense after a prior conviction [for drug possession], he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years." 21 U.S.C. § 844(a).

Bullock concedes that he is a repeat offender and therefore eligible for a sentence exceeding one year. *See United States v. Bungar*, 478 F.3d 540, 545 (3d Cir. 2007). He argues, however, that the District Court was precluded from finding him a repeat offender in this instance, because the Government failed to file a notice, under 21 U.S.C. § 851, that it would ask the Court to consider Bullock's "underlying conviction as a predicate conviction allowing for the enhanced penalties for simple possession of Title 21, U.S.C. § 844." Appellant's Br. 15.

Section 851 obliges the government to notify a defendant that his prior crimes will increase his punishment. Section 851 provides in relevant part that:

> [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). By its plain language, § 851(a) applies where a defendant "stands convicted" of drug possession. Nothing in § 851 suggests, however, that the statute applies in the supervised release revocation context, where a district court need only determine that defendant's *conduct* would be "punishable by a term of imprisonment

6

exceeding one year" under U.S.S.G. § 7B.1(a)(2); *see also id.* cmt. n.1 (explaining that "[t]he grade of the violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct."). Additionally, revocation of supervised release is determined by hearings, and § 851 seeks to protect a defendant who is subject to trial. *United States v. Lewis*, 597 F.3d 1345, 1347 (7th Cir. 2010) (explaining that § 851 "give[s] a defendant an opportunity to contest the accuracy of his prior convictions and to inform his decision on *whether to plead guilty or proceed to trial*" (emphasis added)).

In short, the District Court did not commit procedural error by finding that Bullock's possession of heroin was a crime punishable under federal law for a term of imprisonment exceeding one year. By extension, the District Court did not err in concluding that Bullock's conduct constituted a Grade B, not a Grade C, violation.

### III. Conclusion

For the forgoing reasons, we affirm Bullock's sentence in all respects.