NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0556n.06

Case No. 21-5222

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Dec 02, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| TIMOTHY RICHARD COX, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: BOGGS, GIBBONS, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Timothy Richard Cox was caught with drugs in his car. That conduct violated his federal supervised release conditions. The Sentencing Guidelines classify conduct that violates release conditions into different grades. And these grades are used to assess the consequences of the defendant's violation. Here, the district court classified Cox's conduct as a more serious Grade B violation rather than a Grade C violation. Cox claims that this was error. But we disagree and AFFIRM.

I.

Cox is no stranger to prison. Our story picks up in 2011, when Cox pleaded guilty in federal court to distributing morphine and possessing a firearm as a felon. The district court sentenced him to 40 months' incarceration plus three years of supervised release. Since then, Cox has had his supervised release revoked no fewer than six times because of various violations. And each time, the district court sent him back to prison with additional terms of supervised release.

This appeal is about the most recent revocation. In February 2021, Cox was out on his sixth supervised release. He was driving around in Paris, Kentucky. The police pulled Cox over after smelling the odor of marijuana coming from his car. They saw a marijuana cigarillo at his feet. And in a purse belonging to a passenger, they found drug paraphernalia, more marijuana, and suspected meth and heroin. Cox faced four charges: possession of marijuana, possession of drug paraphernalia, and two counts of trafficking in a controlled substance. He eventually pleaded guilty to an amended charge: facilitation to traffic in a controlled substance, a misdemeanor.

Back in federal court, Cox admitted to violating his release conditions in two ways. First, he "commit[ted] another federal, state, or local crime." (R. 142, Mar. 5, 2021 Hr'g Tr., PageID 340.) And second, he "communicate[d] or interact[ed] with someone that he knows is engaged in criminal activity." (*Id.* at PageID 342.) The first one was "the more serious violation." (*Id.* at PageID 345.) As Cox saw it, that first violation matched up as a Grade C violation because his plea was for a misdemeanor. But the government explained "that it is not the offense to which [Cox] pled guilty in state court" that matters. (*Id.* at PageID 355.) Instead, "[i]t is the actual underlying conduct." (*Id.*) The district court agreed. And it pegged Cox's first violation at Grade B because Cox's actual conduct included possession in addition to facilitation.

After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Cox to 21 months' incarceration and three years of supervised release. This sits at the middle of the Guidelines range (18 to 24 months). And notably, the court explained that it would have imposed "that penalty regardless of whether this were a Grade B or a Grade C violation because . . . it's necessary to provide proper deterrence to this defendant." (*Id.* at PageID 364-65.) Cox appealed.

II.

We review the reasonableness of a district court's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). That means we will affirm its application of the Sentencing Guidelines to the facts "unless clearly erroneous." *United States v. Simmerman*, 850 F.3d 829, 832 (6th Cir. 2017). "Sentences must be both procedurally and substantively reasonable." *United States v. Kamper*, 748 F.3d 728, 739 (6th Cir. 2014). Here, Cox claims that his sentence is procedurally unreasonable.

A sentence can be procedurally unreasonable if the district court "fail[ed] to calculate (or improperly calculate[ed]) the Guidelines range." *Id.* (quoting *Gall*, 552 U.S. at 51). Cox argues that's what happened here. The linchpin of Cox's claim is that he "plead[ed] to Facilitation, which was a class [A] misdemeanor, twelve (12) months or less." (Appellant Br. at 14.) That, Cox says, lines up as a Grade C violation. This, because Grade C violations cover "conduct . . . punishable by a term of imprisonment of one year or less." U.S.S.G. § 7B1.1(a)(3). By way of contrast, Grade B violations cover "conduct . . . punishable by a term of imprisonment exceeding one year." *Id.* § 7B1.1(a)(2).

But Cox's argument fails. This is because "[t]he grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding." *Id.* § 7B1.1 cmt. n.1. Instead, it "is to be based on the defendant's *actual* conduct." *Id.* (emphasis added). Put another way, "hypothetical punishments" are fair game because "'conduct' is broader than 'conviction' or 'crime.'" *United States v. Montgomery*, 893 F.3d 935, 940 (6th Cir. 2018); *see also United States v. Schwab*, 85 F.3d 326, 327 (8th Cir. 1996) ("[T]he district court properly looked to [defendant's] actual conduct in determining the grade of his supervised release violation, rather than the crime to which he pleaded guilty.");

*United States v. Carter*, 730 F.3d 187, 191 (3d Cir. 2013) (clarifying that district courts are "not limited to the actual charges or convictions in determining the grade of the violation").

Here, Cox's conduct constituted a crime punishable with a prison term exceeding one year, even if he was not convicted of it. His actual conduct went beyond facilitation. It included possession, as the district court determined. And under 21 U.S.C. § 844(a), if the defendant has "a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State," the punishment for simple possession is "a term of imprisonment for not less than 15 days but not more than 2 years."[1] Cox already had his 2011 morphine distribution conviction on the books before his most recent crime. This plus possession meets the definition of a Grade B violation. "[W]hether [Cox] experienced a separate formal prosecution" for the full scope of his conduct "is irrelevant." *Montgomery*, 893 F.3d at 941. And so we cannot say there was clear error.

Even if we assume otherwise, Cox still cannot prevail. That's because Cox would have ended up with the same sentence, with or without a Grade B classification. Harmless error applies if "the record reflects that the district court 'thought the sentence it chose was appropriate irrespective of the Guidelines range.'" *United States v. Schock*, 862 F.3d 563, 569 (6th Cir. 2017) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016)). The only caveat is that "the district court's explanation must establish that the sentence was 'based . . . on factors

---

[1] We can look to federal law here and not just Kentucky law. Grade B violations cover any conduct below Grade A constituting a "federal, state, *or* local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(2) (emphasis added). And it does not matter that Cox wasn't prosecuted under federal law. That's because a defendant can be charged with violating his release conditions "*whether or not* [he] has been the subject of a separate federal, state, or local prosecution for [his] conduct." *Id.* § 7B1.1 cmt. n.1 (emphasis added). *United States v. Brennick* is instructive. 337 F.3d 107 (1st Cir. 2003). There, the defendant argued that his conduct was a Grade C violation because *federal* law capped the penalty at one year. *Id.* at 110-11. But our sister court took a broader view; it looked towards a more stringent *state* law and pegged the defendant's conduct at Grade B. *Id.* Here, we do the same thing, only in reverse.

4

independent of the Guidelines.'" *Id.* (quoting *Molina-Martinez*, 136 S. Ct. at 1347). And here, the district court's explanation does just that. The court explained that it would have imposed 21 months' incarceration "regardless of whether this were a Grade B or a Grade C violation." (R. 142, Mar. 5, 2021 Hr'g Tr., PageID 364.) This, because the sentence was "necessary to provide proper deterrence to [Cox]." (*Id.* at PageID 365.) And so any error was harmless. We AFFIRM.