RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0052p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

>    *Plaintiff-Appellee*,

>    *v.*

>    TIMOTHY MICHAEL JAIMEZ fka Timothy M. Watters,
>    *Defendant-Appellant*.

No. 23-3189

Appeal from the United States District Court for the Northern District of Ohio at Toledo.
No. 3:10-cr-00004-2—James G. Carr, District Judge.

Decided and Filed:  March 12, 2024

Before:  GRIFFIN, THAPAR, and NALBANDIAN, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:**  Andrew R. Schuman, Bowling Green, Ohio, Kevin M. Schad, FEDERAL PUBLIC DEFENDER'S OFFICE, Cincinnati, Ohio, for Appellant.  Ava R. Dustin, Dexter Phillips, UNITED STATES ATTORNEY'S OFFICE, Toledo, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

THAPAR, Circuit Judge.  Timothy Jaimez pled guilty to federal drug charges.  After his second supervised-release violation, the district court sentenced him to sixty months' imprisonment.  Because that sentence is procedurally and substantively reasonable, we affirm.

I.

Timothy Jaimez pled guilty to conspiring to possess narcotics with the intent to distribute them.  After serving time in prison, he began a term of supervised release.  While on release, Jaimez used drugs, failed to maintain employment, and failed to truthfully disclose financial information to his probation officer.  So a court revoked his release.

When Jaimez began a second term of supervised release, his behavior didn't improve. Police found him transporting marijuana in his car with the co-felons from his original conviction.  And at Jaimez's properties, police found cocaine base, a shell casing, and a drug press.  Based on this conduct, an Ohio court found Jaimez guilty of attempting to traffic marijuana.

The United States then sought to revoke Jaimez's release.  It alleged three violations: (1) being charged with a new crime, (2) associating with known felons, and (3) possessing drug paraphernalia.  In line with probation's report, the court classified Jaimez's first violation as "Grade A" under the Sentencing Guidelines.  *See* U.S.S.G. § 7B1.1(a)(1).  That carried a sentencing range of fifty-one to sixty months' incarceration.  *See id.* § 7B1.4(a); 18 U.S.C. § 3583(e)(3).  Over Jaimez's objection, the district court sentenced him to sixty months' incarceration, followed by six years of supervised release.

II.

Jaimez now appeals, claiming his sentence is procedurally and substantively unreasonable.  Applying an abuse-of-discretion standard, we conclude that it's neither.  *See United States v. Adams*, 873 F.3d 512, 516–17 (6th Cir. 2017).

A.

Jaimez first challenges his sentence's procedural reasonableness.  He argues the court (1) inadequately explained his sentence, (2) improperly considered section 3553(a)(2)(A) factors, and (3) incorrectly classified his release violation as Grade A.  Jaimez is wrong on all three counts.

*Adequate Explanation.*  A court need not "engage in a ritualistic incantation" of statutory sentencing factors.  *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005) (citation omitted).  Nor must a court explicitly address every factor.  *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006).  Rather, the record needs to show only that the court considered the applicable factors.  *United States v. McBride*, 434 F.3d 470, 474 (6th Cir. 2006).

Jaimez's sentencing passes this very easy test.  During sentencing, the court discussed Jaimez's Guidelines range with the parties.  *See* 18 U.S.C. §§ 3553(a)(4)(B), 3583(e).  The court referenced Jaimez's criminal history and previous release violations.  *See id.* §§ 3553(a)(1), 3583(e).  The court also sought to deter Jaimez and others from violating release conditions.  *See id.* §§ 3553(a)(2)(B), 3583(e).  And the court recognized a need to promote respect for the law and protect the public.  *See id.* §§ 3553(a)(2)(A), (C), 3583(e); *see also United States v. Lewis*, 498 F.3d 393, 399 (6th Cir. 2007).  Given this record, it's clear the court considered the federal sentencing factors.

*Section 3553(a)(2)(A) Factors.*  Jaimez next takes issue with the factors the court did expressly consider:  the seriousness of his offense, the promotion of respect for the law, and the provision of just punishment.  Jaimez argues the court shouldn't have considered these factors because the statute governing revocation doesn't require it.  *See* 18 U.S.C. § 3583(e).  But we've made clear that district courts may nonetheless consider these factors when imposing revocation sentences.  *See Lewis*, 498 F.3d at 399–400; *United States v. Esteras*, 88 F.4th 1163, 1167–70 (6th Cir. 2023), *reh'g en banc denied*, --- F.4th ----, 2024 WL 981140 (6th Cir. 2024).[1]  Thus, it wasn't unreasonable for the court to consider them here.

*Violation Grade.*  A release violation is "Grade A" if it involves drug conduct punishable by more than a year in prison.  U.S.S.G. § 7B1.1(a)(1).  Here, there was sufficient evidence of such conduct.  First, police witnessed Jaimez and his co-felons transport "just under a kilogram" of marijuana in his car.  R. 381, Pg. ID 2169.  Second, Jaimez's car smelled like marijuana, suggesting Jaimez—a past drug user—knew there were drugs in it.  Third, an Ohio court found

---

[1]Judge Griffin adheres to his dissent from the denial of the petition to rehear *Esteras* en banc.  *United States v. Esteras*, --- F.4th ----, 2024 WL 981140, at *1 (6th Cir. 2024) (Griffin, J., dissenting from denial of rehearing en banc).

Jaimez guilty of attempted marijuana trafficking, indicating he knew or had reason to know the marijuana was intended for resale. *See* Ohio Rev. Code Ann. § 2923.02(A) (noting that an "attempt" conviction means the defendant met any "knowledge" or "purpose" elements of the underlying crime); *id.* § 2925.03(A)(2) (defining mens rea for drug trafficking). Based on this evidence, a court could conclude Jaimez knowingly transported just under a kilogram of marijuana, aware it was intended for resale. *See* 18 U.S.C. § 3583(e)(3) (setting a preponderance-of-the-evidence standard for revocation decisions). And under Ohio law, that's punishable by over a year in prison.[2] Ohio Rev. Code Ann. §§ 2925.03(A)(2), (C)(3)(c), 2929.14(A)(4). Thus, the district court correctly graded Jaimez's violation.

B.

Jaimez next alleges his sentence is substantively unreasonable. In particular, he argues the court (1) placed too much weight on the conduct underlying his release violation, (2) inflicted "double punishment" by considering conduct for which Ohio already punished him, and (3) imposed a sentence that was too long in light of mitigating evidence. Again, Jaimez is wrong on all three counts.

*Jaimez's Violative Conduct.* At sentencing, the district court "keyed in" on the conduct underlying Jaimez's release violation. Appellant Suppl. Br. 2. For good reason: Jaimez was originally convicted for conspiring to distribute drugs, and he had previously violated his supervised release by using drugs. Given this background, the conduct underlying his most recent violation—transporting drugs with the intent to resell them—was particularly relevant. When imposing revocation sentences, courts may consider the need to promote deterrence and respect for the law. 18 U.S.C. §§ 3553(a)(2)(A)–(B), 3583(e); *see Lewis*, 498 F.3d at 399. Jaimez's most recent violation demonstrated a flagrant lack of both. Thus, it was reasonable for the court to give substantial weight to that violation at sentencing. *Cf. United States v. Zobel*, 696 F.3d 558, 571–72 (6th Cir. 2012).

---

[2]Ohio found Jaimez guilty of only a misdemeanor-level marijuana offense. But when a federal court grades a release violation, it considers the defendant's actual conduct, not just the record of conviction. *United States v. Montgomery*, 893 F.3d 935, 940 (6th Cir. 2018).

*Double Punishment.*  Jaimez next argues he received "double punishment" for his drug-trafficking activity.  Appellant Suppl. Br. 3.  But this presents no error, either.  To be sure, Ohio already punished Jaimez for the drug-related conduct that the district court considered at sentencing.  But that's the point:  the Sentencing Guidelines explicitly tell courts to consider the criminal nature of a release violation.  *See* U.S.S.G. §§ 7B1.1(a), .4(a).  And the Supreme Court has long held that federal and state governments may separately punish an individual for the same conduct.  *See, e.g.*, *Heath v. Alabama*, 474 U.S. 82, 88 (1985); *Fox v. Ohio*, 46 U.S. (5 How.) 410, 435 (1847).

Jaimez's argument also fails for a simpler reason:  revocation sentences are *never* "punishment" for a release violation.  Rather, these sentences are "part of the penalty for the initial offense"—in this case, Jaimez's original narcotics-distribution conspiracy.  *Johnson v. United States*, 529 U.S. 694, 700–01 (2000).  Indeed, even when a court expressly considers the conduct underlying a release violation, we don't interpret the resulting sentence as "punishment" for that conduct.  *See, e.g.*, *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (holding that a revocation sentence is a "sanction" for a defendant's "breach of trust," not a "punishment for [his] violation" (citation omitted)); *United States v. Jones*, 81 F.4th 591, 602 n.7 (6th Cir. 2023) (same); *Esteras*, 88 F.4th at 1170 (holding that a court's consideration of violative conduct doesn't make a revocation sentence punitive, even when the court uses the word "punishment").  Thus, the district court's sentence didn't "double punish" Jaimez for his violation.

*Sentence Length.*  At the outset, we presume Jaimez's within-Guidelines sentence is reasonable.  *See Jones*, 81 F.4th at 602.  Jaimez contends otherwise.  He argues the court shouldn't have applied the maximum sentence because his release violations could have been worse.  He also asserts that he's been trying to "rebuild[] his life."  Reply Br. 3.  And he emphasizes that he didn't contest his release violations or his Ohio drug charge.  This, he claims, demonstrates his "remorse."  *Id.*

But Jaimez's arguments aren't enough to establish unreasonableness.  The fact Jaimez could've committed a worse offense doesn't render the statutory maximum unreasonable.  Every drug trafficker could have shipped more drugs, just like every murderer could have killed an additional person.  That doesn't mean courts should never apply a maximum sentence.

Nor can Jaimez show unreasonableness by arguing he would have given more weight to mitigating evidence. *See United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). And even if he could, his mitigating evidence is paper-thin. While his words suggested remorse, his conduct did not. At Jaimez's last revocation hearing, the court warned him that he'd receive a sixty-month sentence if he didn't straighten out his act. That didn't stop Jaimez from continuing to flout the law. And at some point, protecting the public must trump a defendant's desire to "rebuild his life." This is one such case.

\* \* \*

We affirm.