NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0299n.06

Case No. 23-6069

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 12, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| WILLIAM J. MARLOW, | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

Before: GRIFFIN, NALBANDIAN, and BLOOMEKATZ, Circuit Judges.

**NALBANDIAN, Circuit Judge.** After release from federal prison, William J. Marlow began a three-year term of supervised release. But he quickly got into trouble, testing positive for cocaine and robbing a bank. Marlow admitted to these supervised-release violations and accepted the Guidelines range of 24 months recommended by the Violation Report. But Marlow asked the court to impose the sentence concurrent, rather than consecutive, to his sentence for the robbery. Emphasizing the seriousness of Marlow's breach of trust, the district court rejected this request and sentenced Marlow to 24 months in prison, to run consecutively to his sentence for the robbery.

On appeal, Marlow claims that the district court abused its discretion by making his supervised release sentence consecutive to his robbery sentence. But finding it didn't, we AFFIRM.

## I.

In 2009, William Marlow pleaded guilty to bank robbery before the Eastern District of Kentucky and was sentenced to 188 months' imprisonment. The sentencing court also imposed a

three-year term of supervised release. The terms of Marlow's supervised release required him, among other conditions, to "not commit another federal, state or local crime" and to "refrain from any unlawful use of a controlled substance." R.25, Judgment at 3, PageID 56.

In May 2022, Marlow was released from federal custody and began serving his term of supervised release. Marlow quickly got himself into trouble. Twice, in September and October 2022, Marlow tested positive for cocaine. And in November 2022, he robbed a bank in Clarksville, Tennessee. After pleading guilty to this bank robbery in the Middle District of Tennessee, Marlow was sentenced to 151 months' imprisonment.

The Eastern District of Kentucky held a revocation hearing in December 2023. Marlow, represented by counsel, admitted to both drug violations and the Tennessee bank robbery.

In mitigation, Marlow asked the court for a sentence concurrent with his imprisonment for the Tennessee bank robbery. Marlow claimed that the prospect of receiving drug treatment in prison and the length of the Tennessee robbery sentence rendered a consecutive sentence unnecessary.

The district court disagreed: It noted that accepting Marlow's request would mean "effectively, no penalty here for the violation of supervision." R.43, Hearing Tr. at 22, PageID 153. The court concluded that running its sentence concurrent to the Tennessee robbery sentence "would unduly diminish the seriousness of [Marlow's] conduct"—specifically, "the breach of trust" he committed in violating the terms of his supervised release. *Id.* at 37, PageID 168. So after considering the § 3553 factors, the district court imposed a within-Guidelines sentence of 24 months' imprisonment, consecutive to Marlow's incarceration for the Tennessee bank robbery.

Marlow timely appealed.

**II.**

On appeal, Marlow claims that the district court abused its discretion when it made his sentence consecutive, rather than concurrent, to his imprisonment for the Tennessee bank robbery. Marlow claims that his sentence is substantively unreasonable because it "was longer than necessary to accomplish the goals of sentencing." Appellant Br. at 5. But he does not claim that the duration of the sentence itself was too long.[1] Instead, he argues that its consecutive, rather than concurrent, nature is the issue. *See id.* at 12 ("The district court was not required to make Marlow's sentence consecutive.").

A district court may decide whether to run a sentence concurrently with or consecutively to a prior undischarged term of imprisonment, as long as it considers the 18 U.S.C. § 3553(a) factors. *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011) (citing 18 U.S.C. § 3584(b)). We review this decision for abuse of discretion. *Id.* at 209. And we will uphold a court's decision to impose a consecutive sentence so long as the court "makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009) (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)).[2] A court can satisfy this requirement

---

[1] Before the district court, Marlow challenged only the consecutive nature of his sentence—*not* its length. R.43, Hearing Tr. at 21, PageID 152. Indeed, Marlow's counsel disclaimed any challenge to the length of the sentence, informing the court that he was "not arguing the 24 months." *Id.*

[2] We note that the Sentencing Guidelines say that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release *shall* be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f) (emphasis added). Although the language of this provision appears mandatory, we have interpreted § 7B1.3(f) as a non-binding policy statement. *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011). This reading is consistent with at least six of our sister circuits. *United States v. Kenny*, 846 F.3d 373, 375–76 (D.C. Cir. 2017); *United States v. Nava*, 762 F.3d 451, 454 (5th Cir. 2014); *United States v. Taylor*, 628 F.3d 420, 424–25 (7th Cir. 2010); *United States v. Smith*, 983 F.3d 1006, 1009 (8th Cir. 2020); *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006); *United*

by indicating its rationale "either expressly or by reference to a discussion of relevant considerations contained elsewhere," such as in a Presentence Report. *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012), *abrogated on other grounds by Rodriguez v. United States*, 575 U.S. 348 (2015).

Here, the court expressly gave its rationale for making the sentence consecutive: to convey the seriousness of "the breach of trust" that Marlow's multiple supervised-release violations represented. R.43, Hearing Tr. at 37, PageID 168. Not only is this a legitimate rationale, it is the very purpose of a supervised release revocation sentence. *See United States v. Jaimez*, 95 F.4th 1004, 1008 (6th Cir. 2024) ("[A] revocation sentence is a 'sanction' for a defendant's 'breach of trust.'" (quoting *Johnson*, 640 F.3d at 203)). So the district court adequately justified its decision to make Marlow's supervised release sentence consecutive.

Even so, Marlow claims that the district court's decision to make his sentence consecutive rested on two errors: ignoring "the failure of the probation department to intervene when Marlow twice tested positive for cocaine," and assuming "that Marlow would get significant credit time" on his Tennessee bank-robbery sentence. Appellant Br. at 8. But the record belies Marlow's narrative.

First, we fail to see the relevance of Marlow's claim that, but for the probation department's failures, "perhaps he would not have robbed the bank a few weeks after his last positive drug test." *Id*. at 10. No matter what the probation department should or could have done, Marlow himself chose to violate the terms of his supervised release—including by committing the robbery. We

---

States v. Gomez*, 955 F.3d 1250, 1258 n.6 (11th Cir. 2020) (per curiam). Still, a district court should consider § 7B1.3(f) "when it is applicable and may exercise its discretion to apply it when determining whether to impose a consecutive sentence." *Johnson*, 640 F.3d at 208. In any event, the Government does not invoke § 7B1.3(f) before us, nor did the district court below.

refuse to second-guess the district court's reasonable sentencing decision based on Marlow's unfounded "what-if" scenario.

And Marlow's argument that the district court based its sentence on a "belief" that Marlow would get time credits against his Tennessee robbery sentence misconstrues what the court said. The court noted, after Marlow claimed he would serve 151 months for the robbery, that based on recent changes in how the Bureau of Prisons calculates time credits, prisoners may serve less than 85 percent of their sentence.[3] But the court did not base its sentence on this fact, or even on Marlow's sentence for the Tennessee robbery.

So we conclude that the district court did not abuse its discretion when it gave Marlow a consecutive sentence for his supervised release violations.

### III.

For these reasons, we AFFIRM.

---

[3] Marlow's brief on appeal implicitly concedes the accuracy of this remark. Appellant Br. at 13 ("[I]t is true that in the First Step Act of 2018, Congress changed how the Bureau of Prisons calculates credits against a sentence and that Marlow is eligible for earned time credits under the Act . . . .").